**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000514
19-DEC-2025
08:33 AM
Dkt. 92 SO**

NO. CAAP-24-0000514

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
ERIC G. TADIARCA-WARNER, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAIʻANAE DIVISION
(CASE NO. 1DCW-24-0001443)


SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Hiraoka and McCullen, JJ.)

Defendant-Appellant Eric G. **Tadiarca-Warner** appeals from the District Court of the First Circuit's July 15, 2024 Judgment and Sentence, convicting him of Terroristic Threatening in the Second Degree in violation of Hawaiʻi Revised Statutes (**HRS**) § 707-717(1) (2014) and sentencing him to thirty days' imprisonment with credit for time served.[1]

On appeal, Tadiarca-Warner challenges one of the district court's findings as plainly erroneous.

---

[1] The Honorable Bryant Zane presided.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and affirm.

HRS § 707-717(1) provides that "[a] person commits the offense of terroristic threatening in the second degree if the person commits terroristic threatening other than as provided in" HRS § 707-716 (2014).

HRS § 707-716 prohibits threatening a person on more than one occasion, "threats made in a common scheme against different persons[,]" threats against public servants and emergency medical service providers, threats with a dangerous instrument, and threats against a person who is protected by a court order or police officer.

Terroristic threatening occurs when "the person threatens, by word or conduct, to cause bodily injury to another person . . . or to commit a felony . . . [w]ith the intent to terrorize, or in reckless disregard of the risk of terrorizing, another person[.]"  HRS § 707-715 (2014).

Here, the district court found that the complaining witness (**CW**) "was a credible, reliable witness."  The district court stated that it viewed the "incident as a whole," as "one incident."  The district court explained:

And when [Tadiarca-Warner] gets out of his car, uh -- both times, he looks directly at [CW], he's addressing [CW], . . . that's the only person he's addressing. It's in a manner that, uh -- is conveying a message of, um -- threat. The thumb across the throat, which was understood by [CW], and by the court, as a threat to at the very least hurt the person.

. . . . That the other gestures did indicate that [Tadiarca-Warner] wanted to engage -- engage with [CW] . . . in[] . . . a fight.

Now, <u>part of the compelling evidence</u> for the court is that [Tadiarca-Warner] at the, uh -- first light, um -- moved, <u>maneuvered his vehicle to the side</u>, . . . <u>taunted [CW], uh -- wanted, uh -- [CW] to pull even with him.</u>

[CW] . . . declined.

But then, . . . [Tadiarca-Warner] maneuvered his vehicle behind [CW's] vehicle and continued to follow him for extended period of time. . . . [CW] did not take a direct[] . . . route to[] . . . the shopping center, . . . but [Tadiarca-Warner] continued to follow him. And[] . . . it was for an extended period of time.

. . . . And that [Tadiarca-Warner] continuously followed -- it's clear that [Tadiarca-Warner] was not trying to go anywhere else but to follow [CW].

And then we get to the part where [Tadiarca-Warner] blocks [CW], . . . gets out again, and . . . further engages with [CW] . . . confirming that he wanted to engage[] . . . with [CW] in a fight.

(Emphases added.)

In his sole point of error, Tadiarca-Warner contends the "trial court plainly erred in finding, as 'compelling evidence,' that '[he] at the, uh — first light, um — moved, maneuvered his vehicle to the side, um — tsk — taunted [CW], uh — wanted, uh — [CW] to pull even with him.'" (Formatting altered.)

Tadiarca-Warner argues that "at no point did [CW] state that [Tadiarca-Warner] indicated a desire for him to 'pull

even'." Tadiarca-Warner further argues that the court's finding was "a substantive component of the court's reasoning and its assessment of [Tadiarca-Warner]'s culpability."

CW testified that a car came by his right side "really fast" and cut him off. CW then testified that Tadiarca-Warner "was looking in his side rear mirror at [him], and then looking in the rear view, and then he pull[ed] into that center lane" and was "still eying [CW] up." (Emphases added.) CW explained that Tadiarca-Warner got out of his car, approached, and took "his thumb, put[] it against his throat, and d[id] one of these things. Co -- crosse[d] it -- you know, thumb across the throat." CW testified, "I[] just watch[ed] him going off, talking, trying to egg me up -- egg me to move forward. Because it's a red light. So he[] [was] trying to egg me to move forward." (Emphasis added.)

Although CW did not use the words "pull even," he testified that Tadiarca-Warner cut him off, looked in the rear-view mirror, then moved his car to the center lane, and tried to "egg [him] to move forward." Based on CW's testimony, the district court's use of "pull even" does not rise to the level of plain error. Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.").

4

Importantly, the district court found CW credible, and CW testified to Tadiarca-Warner's conduct, including exiting his car at the traffic light, drawing his thumb across his throat, entering his car, following CW to and around the shopping mall, blocking CW's car with his car, exiting his car again, yelling, and making more gestures indicating he wanted to fight.

As such, there was sufficient evidence to support Tadiarca-Warner's conviction for Terroristic Threatening in the Second Degree. State v. Pulse, 83 Hawaiʻi 229, 244, 925 P.2d 797, 812 (1996) ("The testimony of one percipient witness can provide sufficient evidence to support a conviction.").  And Tadiarca-Warner's substantial rights were not violated. See HRPP Rule 52(b).

Based on the foregoing, we affirm the district court's July 15, 2024 Judgment and Sentence.

DATED:  Honolulu, Hawaiʻi, December 19, 2025.

| On the briefs: | /s/ Karen T. Nakasone<br>Chief Judge |
|---|---|
| William H. Jameson, Jr.<br>Deputy Public Defender,<br>for Defendant-Appellant. | /s/ Keith K. Hiraoka<br>Associate Judge |
| Loren J. Thomas,<br>Deputy Prosecuting Attorney,<br>City and County of Honolulu,<br>for Plaintiff-Appellee. | /s/ Sonja M.P. McCullen<br>Associate Judge |